UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

NADIA WALKER, *et al.,*

        Plaintiffs,

v.

VENETIAN CASINO RESORT, LLC*, et al.*,

        Defendants.

2:10-cv-00195-LRH -VCF

**O R D E R**

      Before the court is Defendant Venetian Casino Resort, LLC's (hereinafter "Venetian") Motion To Compel Continued Deposition of Heather Geist (hereinafter "Geist"), Or In The Alternative, Motion For Leave Of Court To Depose Geist (#80), and an Addendum thereto (#81). Plaintiffs Nadia Walker, *et al,* filed a Limited Opposition (#85), and third party witness Geist filed an Opposition (#86) and a Cross-Motion For Protective Order Pursuant To Federal Rule of Civil Procedure 26(e) (#87). Defendant filed a Reply In Support of Its Motion (#89) and an Opposition to Geist's Motion (#90). Geist failed to file a Reply In Support of her Motion.

      Plaintiffs' amended complaint (#50) stems from the alleged employment discrimination they suffered while working for defendant Venetian. Specifically, plaintiffs argue that they were discriminated against and ultimately terminated at the hand of their supervisor Geist. (#50). Plaintiffs assert claims for (1) age discrimination in violation of ADEA-disparate impact; (2) age discrimination in violation of ADEA-disparate treatment; (3) breach of implied in fact contract; (4) breach of implied covenant of good faith and fair dealing; (5) negligent infliction of emotional distress; (6) negligent hiring, training, and supervision; (7) injunctive and declaratory relief; and (8) retaliation in violation of Title VII and NRS 613.340. *Id.*

. . .

**Motion To Compel Continued Deposition (#80)**

  In the present motion (#80), defendant Venetian provides the court with the following relevant history of the case as it pertains to Geist's deposition:

1. Geist was a Beverage Manager at the Venetian;
2. Plaintiff Walker's employment termination was based on reports submitted to Venetian by Geist, who was her supervisor at the time;
3. Geist testified at an unemployment compensation hearing addressing a claim by plaintiff Walker, and her testimony was consistent with her report to the Venetian and documentation produced in this case;
4. Geist's employment at the Venetian was terminated in April, 2011;
5. Plaintiffs noticed Geist's deposition in this case, which was held on July 1, 2011;
6. On May 6, 2011, Geist signed, before Notary Republic Jason Poelma, a statement ("5/6/11 Statement") addressed, "To Whom It May Concern:" setting forth her recollection of events that occurred in January, 2010;
7. The 5/6/11 Statement directly contradicted her previous testimony at the unemployment hearing;
8. Plaintiffs' counsel disclosed the 5/6/11 Statement, for the first time, when it was marked as an exhibit to Geist's July 1, 2011, deposition;
9. Plaintiff's counsel conducted direct examination of Geist, and her testimony was consistent with her 5/6/11 Statement;
10. In light of Geist's new position, the newly disclosed statement, and other circumstances, defense counsel requested that the deposition be continued to allow for adequate time to prepare a thorough cross-examination;
11. The parties agreed to continue the deposition;
12. Geist was served with a subpoena and notice of deposition, but refused service, and

|   |   |   |
|---|---|---|
| 1 |  | asserted that she was represented by counsel, Kenneth Hogan (plaintiff Walker's fiancé); |
| 2 | 13. | When he was contacted regarding the continuation of the deposition, Hogan took the position that Geist is not required to appear for a subsequent deposition absent a court order; and |
| 5 | 14. | Defendant is concerned with the inability to cross-examine Geist at trial, because she plans to move to Pennsylvania and there is a possibility that she will not be amenable to service of a trial subpoena. |

Neither plaintiffs nor Geist dispute the factual allegations as outlined above by defendant. (#85, #86, and #87). Further, plaintiffs do not oppose setting a continued deposition of Geist. (#85). However, Geist refuses to appear for the deposition and seeks a protective order from the court. (#87). Geist relies on Fed. R. Civ. P. 26(b)(2)(c)(I)-(iii), 26(c)(1)(A), 30(d), 30(a)(2)(A)(ii) and on NRS 612.265(2) in support of her request for a protective order. Specifically, Geist argues that the withholding of the 5/6/11 Statement did not cause "unreasonable surprise" on defense counsel, and that requiring further deposition testimony would subject Geist, given her present personal circumstances, to "[b]ullying, annoyance, oppression, embarrassment and/or undue burden or expense."[1] *Id.* Further, she argues that defendant's termination of and attempt to "continue" the deposition were improper because she was being "completely forthright in her answers" and defendant did not seek a court order. *Id; See* Fed. R. Civ. P. 30(d)(3)(A)(a deposition is limited to one day of seven hours, unless otherwise stipulated or ordered by the court.).

The Rules of Civil Procedure "should be construed and administered to secure the *just*, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1 (emphasis added). Further, as a case proceeds, "a party must, without awaiting a discovery request, provide the other parties...a copy...of all documents...that the disclosing party has in its possession, custody, or control

---

[1] Pursuant to Fed. R. Civ. P. 26(c), the court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expenses..."

3

and may use to support its claims and defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(ii). Additionally, under Rule 26(e), a party that has made a disclosure pursuant to Rule 26(a) or who has responded to discovery requests "must supplement or correct its disclosure or response" in the event subsequent documents are discovered. Fed. R. Civ. P. 26(e).

Here, when plaintiffs' counsel came into possession of the 5/6/11 Statement, disclosure to defendant's counsel was required. *See* Fed. R. Civ. P. 26(a)(1)(A)(ii) and 26(e). Further, the court finds that the consequences of this failure to disclose will lead to a particularly unjust result if Geist leaves the jurisdiction and her deposition is presented to the trier of fact in its present form. Therefore, compelling her testimony is warranted. Additionally, the court notes that defense counsel was reasonable in its request for time to prepare cross-examination in light of the developments at the deposition: nothing in the record indicates that defendant's counsel should have anticipated the 5/6/11 Statement and Geist's July 1, 2011, testimony, both of which are at variance with her prior statements. Moreover, plaintiffs do not oppose continuing the deposition.

While sympathetic to Geist's circumstances, the court finds that the benefit of her deposition testimony outweighs any burden. Fed. R. Civ. P. 26(b)(2)(C)(iii)(when determining if the burden or expense of the proposed discovery outweighs its likely benefit, the court evaluates, among other factors, the needs of the case, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.). Further, the mandate of Rule 1 convinces the court that in order to "secure a just...determination of [the] action," Geist must cooperate and complete her deposition. *See* Fed. R. Civ. P. 1.

Accordingly, and for good cause shown,

IT IS ORDERED that defendant Venetian Casino Resort, LLC's Motion to Compel (# 80) is GRANTED.

IT IS FURTHER ORDERED that third party witness Heather Geist's Motion for Protective Order (#87) is GRANTED in part and DENIED in part.

4

1  IT IS THEREFORE ORDERED that Heather Geist shall appear and complete here deposition
2  in this case, at a time and place mutually agreeable to counsel appearing on these motions, on or before
3  October 28, 2011.  The continued deposition session shall be limited to two hours of actual testimony.
4  DATED this 20th day of October, 2011.

**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**

5