## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

NADIA WALKER, *et al.*,

        Plaintiffs,

v.

VENETIAN CASINO RESORT, LLC.*,*

        Defendant.

2:10-cv-00195-LRH -VCF

**O R D E R**

    Before the court is plaintiffs' Nadia Walker, *et al*'s Motion To Compel Discovery Responses. (#95). Defendant Venetian Casino Resort, LLC (hereinafter "Venetian") filed an Opposition (#96), and plaintiffs filed a Reply (#100).

    The plaintiffs' amended complaint (#50) stems from the alleged age discrimination, retaliation, and disability discrimination that plaintiffs suffered while they were employed as cocktail servers at the Venetian. Defendant asserts that it implemented a policy change in its beverage department in late 2008, whereby the cocktail servers would rotate (hereinafter "open rotation") through all areas of the casino floor. (#96). This open rotation purportedly "reduced labor costs and allowed management significantly more flexibility with staffing and scheduling." *Id.* Plaintiffs assert that the open rotation resulted in the older servers, or "founders," being placed in undesired areas of the casino, while younger servers would work the tables where the tips were allegedly higher. (#50).

**Motion To Compel Discovery Responses**

    Federal Rule of Civil Procedure 34(a) permits each party to serve the opposing party with document requests within the scope of Rule 26(b) that are "relevant to any party's claim or defense..." or, for good cause shown, "relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b). Relevance within the meaning of Rule 26(b)(1) is considerably broader than relevance for trial purposes. *See Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351 (1978) (citation omitted). For discovery purposes,

relevance means only that the materials sought are reasonably calculated to lead to the discovery of admissible evidence. *Id*. In responding to Rule 34 requests, "the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). Pursuant to Rule 37(a)(3)(B)(iv), "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if "a party fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv).

In plaintiffs' motion (#95), they assert that defendant Venetian has failed to adequately respond to several discovery requests, including a request for a forensic examination   Defendant contends that extensive discovery has proceeded for one and one-half years, and that plaintiffs "currently have all of the relevant evidence in the Venetian's possession, evidence with limited relevance and plenty of wholly irrelevant evidence." (#96). The parties confirm that they have met and conferred in a good faith attempt to resolve these issues without the court's intervention. (#95 and #96). As there are numerous requests that plaintiffs discuss in their motion (#95), the court will address the requests below according to topic.

      **A.**     **Requests 87-98 – Labor Costs**

In requests 87-98, the plaintiffs seek information "discussing, describing, pertaining to, outlining, detailing or summarizing labor costs for the Beverage Department" for December 2010 and 2011, and March 2010 and 2011, and the labor costs for the department relating to the closures of bars for December 2008, 2009, and 2010, and March 2008, 2009, 2010, and 2011. (#95-1). Defendant objected to the requests as over broad and unduly burdensome, and asserted that the probative value was outweighed by the burden on the defendant. (#95-1). Plaintiffs assert that since the minimization of labor costs is "perhaps the primary justification put forth by [d]efense of this case," the documents requested are extremely relevant. (#95). Defendant alleges that it has produced responsive documents, but plaintiffs assert that they are unable to identify these documents because the documents have not

2

been identified by Bates number.

In opposition, defendant contends that five of the requests seek financial data for time periods that are "more than a year *after* the rotation was implemented," and provide the Bates numbers for the documents purportedly responsive to the requests. (#96). Defendant argues that no further data is needed, as plaintiffs could have chosen to depose any of the management employees associated with the costs analysis and labor reductions, but failed to. *Id.* In plaintiffs' reply (#100), they assert that the labor costs *after* the rotation was implemented is highly relevant, because defendant's "primary defense is that it obtained – "after" and as a result of putting [p]laintiffs into an open rotation, an 8% labor cost savings." Therefore, plaintiffs contend, they are entitled to "fully explore this pretext justification for [d]efendant's discriminatory conduct." (#100).

There is no indication in plaintiff's reply that the Bates numbers provided by defendant were responsive to the requests. (#100). As defendant's reasoning for implementing the rotation is that it resulted in labor cost savings, the court finds that information "discussing, describing, pertaining to, outlining, detailing or summarizing labor costs for the Beverage Department" for the requested years is relevant and discoverable. *Oppenheimer Fund*, 437 U.S. 340, 351. Defendant shall provide plaintiff with the requested documents and the Bates number designations within fourteen days from the entry of this order.

**B.     Request 166 – Log Entry**

In this request, plaintiffs seek "the "log entry" made by [supervisor] Heather Geist in the Beverage Management Log-book concerning her conversations and interaction with [plaintiff] Nadia Walker on January 16, 2010." (#95-1). Defendant responded that it was "researching this request and will seasonably supplement." *Id.* Subsequently, defendant provided plaintiffs with several Bates ranges of previously produced documents that could be responsive to the request. (#95). However, plaintiffs argue that the Bates ranges contain only e-mails, and do not contain the shift log requested. *Id.* In defendant's opposition (#96), it asserts that the shift log requested has been produced (#96 Exhibit B),

and that it was the *only* shift log for the evening in question.

According to plaintiff's reply (#100) and the court's own observation, the purported "shift log" identified by the defendant (#96 Exhibit B) contains only an email from Heather Geist addressing issues with plaintiff Walker. The subject of the email is "shift log," but it does not appear to be a shift log itself. (#96 Exhibit B). Plaintiffs contend that the actual shift log is relevant, because they desire to compare the shift log, that they allege would contain "the thoughts and observations" of the supervisor, with the "deliberately written email drafted hours after the fact." (#100).

The court finds that the shift log from the night plaintiff Walker was terminated, if it exists, is relevant to the pending litigation. *Oppenheimer Fund*, 437 U.S. 340, 351. Defendant shall either provide the court and plaintiffs' counsel with a certification by the defendant and counsel that the requested shift log does not exist, or produce the requested shift log within fourteen days from the entry of this order.

### C.    Requests 186, 193, and 216 – Reasonable Accommodations

Plaintiffs' requests 186, 193, and 216 seek documents relating to "[c]ocktail [s]ervers with disability claims arising during the course of their employment with [Venetian] that have not been allowed to return to work, to include, but not limited to, those documents indicating the nature and extent of such disabilities," any requests for accommodations of a disability submitted by any cocktail server within the last three years, and any "reasonable accommodations accorded [Venetian] cocktail servers within the last three years who has experienced injury to their leg(s), knee(s), foot (feet), or ankle(s)." (#95-1). Defendant objected, claiming confidentiality under HIPAA, relevance, and that the term "injury" was ambiguous. *Id.*

Plaintiffs stress that plaintiff Vincent has alleged disability discrimination, and that "objecting simply on the basis of confidentiality is insufficient to prevent needed discovery into the existence of valid comparators, especially when such confidentiality issues can be addressed by way [of] a protective order." (#95). In opposition, defendant asserts that plaintiff Vincent was evaluated by several

4

1  physicians, and was never released to return to work, and received vocational rehabilitation. (#96).
2  Defendant contends that after a year-long leave of absence, she was terminated. *Id.* The defendant
3  argues that the requests are irrelevant, because (1) the alleged failure to provide reasonable
4  accommodations does not necessitate an inquiry into whether others were provided with
5  accommodations, (2) plaintiff Vincent never sought accommodations from the Venetian and filed only
6  a worker's compensation claim, and (3) neither she nor her attorney ever requested that she be permitted
7  to apply for a different position. *Id.* Further, defendant asserts that disclosing confidential health
8  information violates HIPAA, and that Vincent's current position that she would have returned to work
9  does not comport with her statements made during rehabilitation that she wanted to pursue massage
10 therapy or open a day care facility. *Id.*

11 Plaintiffs argue in their reply (#100) that the discovery requests are not "calculated to prove Mrs.
12 Vincent's ADA claim, but to prove discrimination." As an initial issue, plaintiffs state that the
13 defendant's assertion that plaintiff Vincent never sought accommodations is "flatly untrue." (#100).
14 Regardless, plaintiffs contend that other younger servers that were injured were *offered* accommodations
15 that plaintiff Vincent was not offered. *Id*. Plaintiffs state that they know of at least three younger
16 servers that were given other duties such as lounge receptionist while they were injured. *Id.*
17 Information relating to these accommodations, plaintiffs assert, are relevant in comparing how younger
18 servers were treated by the defendant when they were injured. *Id.* Plaintiffs also contend that any
19 confidentiality issue can be resolves by redacting the names of the individuals, only revealing their age
20 at the time of accommodations, or by issuing a protective order. *Id.*

21 As plaintiffs allege age discrimination, the treatment of younger servers is relevant to the present
22 action. *Oppenheimer Fund*, 437 U.S. 340, 351. The accommodations provided or offered to injured
23 servers, young and old, are also relevant, considering defendant's position that plaintiff Vincent was
24 terminated due to her injury and inability to return to work as a server. *Id.* The defendant shall produce
25 documents responsive to requests 186, 193, and 216 within fourteen days form the entry of this order.
26

5

Each request is limited to accommodations or injuries that occurred between February 11, 2007, and February 12, 2010. The defendant may redact the documents as to reveal or annotate only the age of the individual and the position they held at the time of the disability, request, or accommodation.

### D. Forensic Examination

Plaintiffs ask defendant Venetian to produce for forensic examination the computers or other electronic devices utilized to draft several documents. (#95-1). Defendant objected on the grounds that the request was untimely, as it was served by mail on October 21, 2011, and discovery was set to close on October 28, 2011. *Id.* Additionally, defendant asserted that the request was over broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. *Id.* Plaintiffs do not mention the timeliness in their motion (#95), but contend that the requested examination was narrowly tailored, insomuch as it "requested inspections of computers utilized to generate specifically identified documents." (#95). Plaintiffs state that they are willing to conduct the inspection at their own expense. *Id.* Plaintiffs argue that the documents are relevant because they pertain to policies and procedures purportedly governing the employee/employer relationships, as well as disciplinary histories. *Id.* Plaintiffs dispute whether the policies and procedures were even published, and call into question inconsistencies in the dates of employee Melissa Mesh's disciplinary history. *Id.* Plaintiffs also contest document Bates stamped VCR004854, which is a page from the survey relied upon by defendant to justify Susan Carre's termination. *Id.*

In opposition (#96), defendant reasserts its argument regarding the timeliness of the request. Defendant contends that if the plaintiffs seek to re-open discovery due to the examination, the court should deny the request because plaintiffs failed to request the extension prior to the close of discovery. (#96). Defendant argues that the documents the plaintiffs are questioning "have all been in [plaintiffs'] possession for months[1], obviating any potential argument to re-open discovery." *Id.* Defendant further

---

[1] On February 18, 2011, documents VCR 1069-1070 were produced by defendant in its second supplemental disclosures. (#96). On April 19, 2011,VCR 2191-2390 were produced in defendant's third supplemental disclosures.

argues that it is unclear what the term "published" means, or how a forensic examination would prove publication. *Id.* With regards to the alleged inconsistencies in the dates of Melissa Mesh's disciplinary history, defendant asserts that these are of little to no consequence, because she is still employed by the Venetian. *Id.* Defendant further contends that Susan Carre's termination is not relevant because (1) she is not a plaintiff, (2) she was hired at age 40 over a younger applicant, and (3) her termination came approximately three months before the open rotation went into effect. *Id.*

In plaintiffs' reply, they only address the timeliness of the request insomuch as to argue that defendant is attempting to "elevate form over substance." (#100). As plaintiffs do not provide the court with any justification for requesting the forensic examination months after obtaining the documents they question, the court will not compel the defendant to provide the computers and/or devices for forensic examination.

Accordingly, and for good cause shown,

IT IS ORDERED that plaintiffs' Nadia Walker, *et al*'s Motion To Compel Discovery Responses (#95) is GRANTED in part and DENIED in part, as discussed above. Defendant shall provide the requested documents as ordered by the court within fourteen days from the entry of this order.

DATED this 1st day of December, 2011.

**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**

---

*Id.* On June 9, 2011, VCR 3637-3638 were produced by defendant in its fourth supplemental disclosures. *Id.* On September 21, 2011, VCR 4854 was produced in defendant's fifth supplemental disclosure. *Id.* Each of these Bates ranges contain the documents plaintiffs now seek to obtain electronic data for. *Id.*