**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| NADIA WALKER, *et al.*, | 2:10-cv-00195-LRH-VCF |
| Plaintiffs, | **REPORT AND RECOMMENDATION** |
| vs. | **REGARDING LIEN ASSERTED BY** |
| VENETIAN CASINO RESORT, LLC, | **NELSON LAW** |
| Defendant. | |

Before the Court is Plaintiff Nadia Walker's Motion to Strike Notice of Lien for Attorney's Fees and Costs (Doc.175) (#197), filed on June 20, 2013. Joinders were filed by Plaintiffs Dawn Duncan (#200), Kathleen Vincent (#201) and Melissa Mesh (#202). Respondent Sharon Nelson, former counsel for these four plaintiffs, filed an Opposition (#207). Nadia Walker filed a Reply (#214). A hearing on this motion was held on August 22, 2013.

**BACKGROUND**

In January, 2010, Sharon Nelson filed a first amended complaint against the Venetian Casino Resort, LLC, ("Venetian") on behalf of cocktail servers Nadia Walker, Connie Perry and Lesa Grant in the Eighth Judicial District Court of Nevada. Venetian timely removed the case to this court (#1). In June and July of 2010, the Honorable Magistrate Judge Peggy A. Leen convened Early Neutral Evaluation sessions which resulted in the settlement of Connie Perry's and Lesa Grant's claims. On August 11, 2010, Connie Perry's and Leas Grant's claims were dismissed with prejudice, pursuant to the ENE settlement.

On December 27, 2010, Ms. Nelson and her associate, Nicholas L. Hamilton, filed an amended complaint which added Duncan, Vincent and Mesh as plaintiffs. On October 9, 2012, the Honorable

District Judge Larry R. Hicks entered an order (#159) rulings on five Motions for Summary Judgment (#'s 102, 107, 109, 110 and 111).

On November 19, 2012, Ms. Nelson and her firm, Nelson Law, moved to withdraw from representing plaintiffs (#168). In that motion, Ms. Nelson recounts the history of the plaintiffs' representation to that time as follows:

> On approximately July 31, 2009, Plaintiffs retained Sharon L. Nelson and Nelson Law as their counsel. From September 15, 2010 to August 3, 2012 the case was assumed by Hamilton Law and Nicholas Hamilton. Mr. Hamilton accepted employment elsewhere in approximately August 2012 and Nelson Law assumed sole handling of this case. (#168 at 2)

The Motion to Withdraw was granted on November 30, 2012. On January 7, 2013, relying on NRS § 18.015, Nelson Law filed a Notice of Lien for Attorney's Fees and Costs (#175) for a total amount of $48,976.88. On February 19, 2013, Judge Hicks approved a Stipulation and Order to Set Settlement Conference and Extend existing timelines for Plaintiffs' Counsel's Appearance and Filing of Pretrial Order (#179). Pursuant to this Stipulation and Order, Kenneth E. Hogan, Esq. appeared in the action to represent the four plaintiffs (Walker, Duncan, Vincent and Mesh) in settlement discussions. Thereafter a number of settlement conferences were presided over by the undersigned Magistrate Judge. On March 27, 2013, Nadia Walker and the Venetian reached an agreement on the material terms which would be incorporated into a formal confidential settlement agreement to be signed by the parties.

On July 3, 2013, Molly Rezac appeared with Kenneth Hogan to represent Nadia Walker. On July 12, 2013, relying on NRS § 18.015, Nelson Law filed an Amended Notice of Lien for Attorney's Fees and Costs (#206). This Amended Notice of Lien is identical to the Notice of Lien filed on January 7, 2013, with two exceptions: (1) an alternative lien for fees of 40% of each plaintiff's recover is added

and (2) Molly Rezac is added to the list of persons served in the Certificate of Service. On July 29, 2013, Ms. Rezac filed, on behalf of Nadia Walker, a stipulation dismissing Ms. Walker's claims against Venetian, with prejudice, each side bearing its own costs and attorney fees. (#212). Paragraph 3 of the stipulation provided, "This stipulation does not affect or apply in any way to the claims stated by either Plaintiff Dawn Duncan, Plaintiff Melissa Mesh, or Plaintiff Kathleen Vincent." *Id.* Judge Hicks entered an order approving the stipulation and dismissing Ms. Walker's claims on August 20, 2013 (#218).

On August 22, 2013, the undersigned Magistrate Judge held a hearing regarding Nelson Law's Amended Notice of Lien. (#222). Sharon Nelson appeared on behalf of her firm, the lien claimant; Nadia Walker appeared with her counsel, Molly Rezac; and Dawn Duncan, Kathleen Vincent, and Melissa Mesh appeared *pro se*.

During this hearing Ms. Nelson reported to the court that her firm was paid the agreed percentage for fees and the costs associated with the Perry and Grant settlements. It was also established that Nadia Walker provided research, writing and evidence review and organization services in support of Ms. Nelson's and Mr. Hamilton's representation without compensation. The court noted that neither Mr. Hamilton nor his law firm had filed a lien, and Ms. Nelson reported that Mr. Hamilton had been paid for his work on the case.

On September 17, 2013, Robert P. Spretnak entered his appearance in this case as counsel for Dawn Duncan, Melissa Mesh and Kathleen Vincent. (#224). On September 18, 2013, and October 22, 2013, the undersigned Magistrate Judge presided at settlement conferences addressing the claims of these three plaintiffs. (#228, #229). Kathleen Vincent and the Venetian reached an agreement to settle her claims. The parties are finalizing the settlement agreement and the court has ordered the filing of a stipulated dismissal on or before November 22, 2013. Dawn Duncan's and Melisa Mesh's claims remain unresolved. As a result of the October 9, 2012, Summary Judgment Order, Dawn Duncan may proceed to trial only on her ADEA Disparate Treatment Claim and her Negligent Training/Supervision

1  claim and Melissa Mesh may proceed to trial only on her ADEA Disparate Treatment Claim. At trial,
2  the remaining plaintiffs may not rely on facts related to Venetian's 2008 rotation changes as evidence of
3  Disparate Treatment. The Joint Pretrial Order is due December 20, 2013 (#223).

## DISCUSSION

One fact that all sides can agree on here is that the value of plaintiffs' claims decreased significantly after Judge Hick's Summary Judgment Order. Two of the plaintiffs have settled. Ms. Nelson provided legal services to all four plaintiffs. Nelson Law's lien, based on NRS § 18.015, has been timely filed.

NRS § 18.015(1) creates a statutory attorney lien as follows:

> 1. An attorney at law shall have a lien upon any claim, demand or cause of action, including any claim for unliquidated damages, which has been placed in the attorney's hands by a client for suit or collection, or upon which a suit or other action has been instituted. The lien is for the amount of any fee which has been agreed upon by the attorney and client. In the absence of an agreement, the lien is for a reasonable fee for the services which the attorney has rendered for the client on account of the suite, claim, demand or action.

Each of the plaintiffs signed a document entitled " NELSON   LAW   ATTORNEY-CLIENT FEE AGREEMENT" (#197-1; #201 at 5-9; #207 at 23-27, 29-33). All agreements are substantially the same, with blanks filled in and check marks inserted to describe the circumstances of the particular case. Ms. Walker's agreement provides for a retainer fee of $750 for costs and escalating contingency fees as the dispute progresses through settlement or trial (#197-1). The other three agreements provide for a retainer fee of $750 (broken down as $500 for costs and $250 flat fee attorney's fees), and then also

provides for escalating contingency fees (#201 at 5-9, #207 at 23-27 and 29-33).  The COURT FINDS that these are form contracts drafted by Nelson Law.

Nelson Law argues that a lien base on the 40% contingency fee must be imposed on the cases which have settled.  The court should not impose such a lien.  To do so would be manifestly unfair to the settling plaintiffs who obtained the assistance of other counsel to negotiate the settlements.  The Nelson Law engagement letter provides, "Attorney will represent Client in the Engagement through trial and post-trial motions."  Nelson Law did not fulfill that obligation.  A significant portion of the representation was handled by Hamilton Law.  Nelson Law withdrew after adverse summary judgment rulings.  At a minimum, this agreement drafted by Nelson Law is ambiguous as to what fees are owing when Nelson Law subcontracts the representation to another law firm or when Nelson Law withdraws from the representation.  The only language addressing withdrawal appears at page 2, "ATTORNEY MAY WITHDRAW IF CLIENT REFUSES TO FOLLOW ADVICE ABOUT PURSUING THE CASE."

A contract is ambiguous when it is subject to more than one reasonable interpretation.  Any ambiguity should be construed against the drafter.  *Anvui, LLC v. G.L. Dragon, LLC* 123 Nev. 212, 163 P.3d 405 (2007).  Construing the contracts at issue here against Nelson Law, the COURT FINDS that in these circumstances no amount of any fee has been agreed upon by the Nelson Law, Nadia Walker, Dawn Duncan, Melissa Mesh and Kathleen Vincent.  Therefore, pursuant to NRS § 18.015 the court must now determine an appropriate lien in the amount of a reasonable fee for the services which the attorney has rendered for the client on account of the suit, claim, demand or action.

Taking into account various unique circumstances in this case, including: (1) Nelson Law was paid in full for its fees and costs related to the settlement of Connie Perry's and Lesa Grant's claims; (2) Nadia Walker's provided considerable free legal support work for the plaintiffs; (3) Mr. Hamilton and his firm were responsible for the case for almost two years beginning in September, 2010; (4) the

value of this case dropped considerably after Judge Hick's Summary Judgment Order; and (5) disruptions to the representation were caused by the changing status of Mr. Hamilton and Ms. Nelson's moving to withdraw shortly after Judge Hick's Summary Judgment Order, the court concludes that a significant reduction of the lien amount is appropriate.

Nelson Law noticed the amount of its lien, in the Amended Notice filed on July 12, 2013, (#206) as $48,706.00 in fees and $271.88 in costs, or 40% of each Plaintiff's recovery plus costs. The two settlements entered into in this case are confidential and two of the plaintiffs have not settled. Construing the Nelson Law Attorney-Client Fee Agreement against the drafter, a 40% contingency fee, based on a settlement reached after Ms. Nelson withdrew from the representation, was not agreed to by Nadia Walker, Dawn Duncan, Melissa Mesh or Kathleen Vincent. In any event, given the history of this litigation, this court has inherent power to reduce any percentage claimed by Nelson Law as appropriate under the totality of the circumstances and in the interests of fairness. A similar adjustment is appropriate with regard to the claimed dollar amounts of fees and costs. The interests of the parties and the Court call for a liquidation and perfection of lien amounts at this time, so that Nadia Walker's and Kathleen Vincent's settlements can be completed and the remaining claims of Melissa Mesh and Dawn Duncan can proceed to final resolution.

## REPORT AND RECOMMENDATION

Pursuant to the discretion vested in this court by NRS § 18.015, in the absence of an agreement, a lien should be imposed for a reasonable fee for the services which the Nelson Law has rendered for Nadia Walker, Dawn Duncan, Melissa Mesh and Kathleen Vincent on account of their claims against the Venetian. Plaintiff Nadia Walker's Motion to Strike Notice of Lien for Attorney's Fees and Costs (Doc.175) (#197) should be GRANTED in part and DENIED in part as follows:

IT IS HEREBY RECOMMENDED that a lien of $16,728.12 in fees and $271.88 in costs, for a total amount of $17,000.00, be imposed on Plaintiffs' claims, demands or causes of action in this case in

favor of Nelson Law, allocated among the claims, demands or causes of action of each Plaintiff, as follows:

    1.    Nadia Walker:    $14,500.00

    2.    Kathleen Vincent:    500.00

    3.    Melissa Mesh:    1,000.00

    4.    <u>Dawn Duncan:    1,000.00</u>

    TOTAL:    $17,000.00

Pursuant to NRS § 18.015, THE COURT FINDS that these amounts are a reasonable fee for the services which Nelson Law rendered for Nadia Walker, Kathleen Vincent, Melissa Mesh and Dawn Duncan, respectively, on account of each party's suit, claim, demand or action

IT IS FURTHER RECOMMENDED that, to the extent that Nelson Law claims a lien upon claims, demands or causes of action in this case in excess of $17,000.00, that amount in excess of $17,000.00 be stricken.

IT IS FURTHER RECOMMENDED that, to the extent that Nelson Law asserts liens against individual plaintiffs' claims, demands or causes of action in this case in excess of the amounts set forth in lines 1. through 4. above, those excess amounts be stricken.

DATED this 31st day of October, 2013.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE